IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NOBOTS LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:22-CV-585-RP |
| GOOGLE LLC, | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Plaintiff Nobots LLC's ("Nobots") opposed motion to lift the stay. (Dkt. 59). Defendant Google LLC ("Google") filed a response in opposition, (Dkt. 62), and Nobots filed a reply, (Dkt. 63). Having considered the parties' arguments, the Court will deny the motion to lift the stay in this case.

## I. BACKGROUND

Nobots filed its complaint on December 13, 2021, alleging that Google infringed two of its patents: U.S. Patent Nos. 9,595,008 (the "'008 Patent") and 10,423,885 (the "'885 Patent"). (Compl., Dkt. 1). On April 18, 2022, the Court issued a scheduling order, setting the *Markman* hearing for August 18, 2022, and trial for August 17, 2023. (Dkt. 38). On June 14, 2022, the case was transferred by agreement from the Waco division to the Austin division of this Court. (Dkt. 43). As part of the parties' joint motion to transfer, the parties agreed that the dates set forth in the scheduling order remained in effect upon transfer absent any subsequent order from the Austin Division of this Court. (Mot. Transfer, Dkt. 42, at 2). Pursuant to the scheduling order, Google filed its opening claim construction brief on June 16, 2022, (Dkt. 46), and Nobots filed its responsive claim construction brief on July 7, 2022, (Dkt. 50).

1

On June 16, 2022, Google filed two petitions for *inter partes* review of the patent claims asserted by Nobots in this litigation. (Dkt. 47, at 5; *see also* Dkts. 47-2; 47-3). Shortly thereafter, Google filed an opposed motion to stay the case pending resolution of these proceedings before the Patent Trial and Appeal Board ("PTAB"). (Dkt. 47). On July 13, 2022, this Court granted Google's motion to stay, finding that the factors that courts consider when deciding whether to stay a case in light of *inter partes* proceedings weighed in favor of granting a stay. (Order, Dkt. 53). Specifically, the Court found that if the PTAB decided to engage in *inter partes* review, the issues in the case would be greatly simplified, but if the Board did not engage in review, a "short stay of the proceedings would not unduly prejudice Nobots." (*Id.* at 2). The Court also took into consideration that the case was still in an early stage, as no discovery had yet taken place and the Court had yet to address the *Markman* hearing and trial dates since the case was transferred to Austin. (*Id.*). The Court thus ordered that this action was to be stayed pending further order. (*Id.*).

On November 29, 2023, the PTAB issued its final written decisions in the pending *inter partes* review proceedings, holding that all 20 claims of the '885 patent were unpatentable or disclaimed by Nobots, and holding that 18 of the 20 claims of the '008 patent were unpatentable. (*See* Dkts. 59-2 at 54–55; 59-3 at 50–51). The PTAB determined, however, that Google had failed to carry its burden of showing that two claims of the '008 patent, Claims 18 and 19, were unpatentable. (Dkt. 59-3, at 50–51). On December 28, 2023, Nobots filed the present motion to lift the stay in this case in light of the PTAB's final decisions in the pending *inter partes* review proceedings. (Mot., Dkt. 59, at 1–2). Nobots does not intend to challenge the PTAB's rulings and thus intends to narrow the claims asserted in this litigation to just Claims 18 and 19 of the '008 patent. (*Id.* at 3). Google, however, has represented that it will appeal "at least the Board's erroneous construction of claim 19 to the Federal Circuit." (Resp., Dkt. 62, at 3). Accordingly, Google opposes lifting the stay and argues that the stay should be extended while it appeals the PTAB's decisions to the Federal Circuit. (*Id.* at 1).

2

## II. LEGAL STANDARD

"The decision of whether to extend a stay falls solely within the court's inherent power to control its docket." *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017). "A court may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate." *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). A court considers the same three factors that were considered at the time that the stay was imposed: (1) whether a stay will simplify the issues raised; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (3) the status of the litigation at the time the stay is requested. *Pers. Audio*, 230 F. Supp. 3d at 626; *see also Crossroads Sys. v. DOT Hill Sys. Corp.*, No. A-13-CA-1025, 2015 WL 3773014, at *2 (W.D. Tex. Jun. 16, 2015).

## III. DISCUSSION

Nobots asserts that now that the PTAB has issued its final written decisions and confirmed the validity of Claims 18 and 19 of the '008 patent, none of the three factors support continuing the stay. (Mot., Dkt. 59, at 4). Specifically, Nobots argues that staying the case during Google's appeal is unlikely to result in further simplification of the issues because the simplification benefits that justified the initial appeal have been realized, as the *inter partes* proceedings have already significantly simplified this litigation and any further simplification is speculative as the "Federal Circuit issues a full affirmance in more than 75% of appeals from the PTAB." (*Id.* at 4 (quoting *UNM Rainforest Innovations v. D-Link Corp.*, 2023 WL 2706748, at *4 (W.D. Tex. Mar. 29, 2023)). Second, Nobots contends that continuing the stay will cause it undue prejudice as the case has already been stayed for more than eighteen months and an open-ended delay during the Federal Circuit appeal will only continue to postpone Nobots's interest in the timely enforcement of its patent rights and could lead to the loss of evidence and eyewitness testimony. (*Id.* at 8–9). Last, Nobots argues that the stage of litigation factor should be considered neutral because, although no discovery has taken place in the

litigation, the case has been delayed already for two years, there was a scheduling order in the case prior to its transfer to the Austin division, and the parties had been in the midst of claim construction briefing prior to the stay. (*Id.* at 10).

Google responds that the three factors weigh in favor of maintaining the stay as the *inter partes* proceedings are appealed to the Federal Circuit. (Resp., Dkt. 62, at 3). Google argues that continuing the stay would allow the Federal Circuit to opine on the construction of Claim 19, which would simplify the issues in this case and promote judicial efficiency by allowing the Federal Circuit to have the final word on construction of this claim. (*Id.* at 1, 4). Second, Google asserts that extending the stay will not unduly prejudice Nobots because the two parties do not compete, a mere delay in collecting monetary damages does not constitute undue prejudice, Nobots has not identified any specific evidence that is at risk of being lost if the stay is maintained, and Nobots delayed for four years in filing this case. (*Id.* at 7–8). Last, Google contends that the fact that this case is still in an early stage weighs in favor of maintaining the stay to conserve party and judicial resources. (*Id.* at 8–9).

The Court finds that the factors continue to weigh in favor of a stay. First, the stay has already greatly simplified the issues in this litigation, with the *inter partes* review proceedings resulting in the invalidation, or disclaiming, of 38 of the 40 patent claims that Nobots asserted in this case. The Federal Circuit's decision on the construction issue of Claim 19 would continue the simplification of issues. Even if the Federal Circuit is statistically more likely to affirm the PTAB's decision, "this outcome is far from a foregone conclusion." *Baxter Healthcare Corp. v. Becton, Dickinson & Co.*, No. 3:17-cv-2186, 2021 WL 22553, at *3–4 (S.D. Cal. Jan. 4, 2021) (declining to lift stay while *inter partes* review decisions were pending appeal).

If the Federal Circuit affirms the PTAB's resolution of this issue, the construction of the disputed phrase in Claim 19 would be resolved, and this Court would likely not need to address the

issue. If the Federal Circuit sides with Google, then Claim 19 could be unpatentable and yet another claim would be removed from this case. However, if the Court were to lift the stay prior to the Federal Circuit's decision, this Court would have to engage in the claim construction issue, potentially duplicating the Federal Circuit's work. Such a situation would be an inefficient use of both this Court's and the parties' resources. *See MemoryWeb, LLC v. Apple, Inc.*, No. 21-cv-09839-VC, 2023 WL 8006852, at *1 (N.D. Cal. Nov. 16, 2023) ("It would be a waste of resources for both the parties and the Court to conduct discovery, engage in motion practice, prepare for trial, and so on, only for the Federal Circuit to rule on the appeal and render all of that work irrelevant or inadequate."). Therefore, the Court finds that extending the stay while the *inter partes* review decisions are appealed to the Federal Circuit would continue to simplify the issues in this case. *See Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-cv-611 (W.D. Tex. Jan. 13, 2023), ECF. No. 129 (declining to lift a stay while *inter partes* review decisions were appealed to the Federal Circuit); *Ward Participations B.V. v. Samsung Electronics Co.*, No. 6:21-cv-806 (W.D. Tex. Oct. 3, 2023), ECF. No. 47 (same).

      Second, the potential for the Federal Circuit decision to simplify the issues outweighs the minimal harms of maintaining the stay. Because Nobots does not produce products on its patents nor does it compete with Google, a stay will not unduly prejudice Nobots's interests. *See Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-CV-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022). To the contrary, this Court has held that a party's "mere delay in collecting [monetary] damages does not constitute undue prejudice." *Crossroads Sys.*, 2015 WL 3773014, at *2. Further, vague assertions about the loss of evidence and witnesses, as Nobots asserts here, "are not sufficient to justify a conclusion of undue prejudice." *VirtualAgility v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014). Last, Nobots's decision to wait more than four years to file suit on the '008 patent weighs against its claim that it will be unduly prejudiced by maintaining the stay. *See id.* at

1318–19 (noting the fact that a patentee waited nearly a year after the asserted patent was issued to file suit weighed against a finding of undue prejudice).

Third, this case has remained at an early stage of litigation, as the Court noted when it first instituted the stay: No discovery has begun nor has the Court held a *Markman* hearing in this case. Further, as noted above, if the Court were to lift the stay and allow claim construction briefing to continue, then it would likely duplicate the work that the Federal Circuit would do on appeal. Continuing to stay the case while it is in an early stage will best conserve the parties' and the Court's resources. Thus, this factor also weighs against lifting the stay, as this case is still in its early stages. *See Baxter Healthcare*, 2021 WL 22553, at *2-3; *see also Bell Semiconductor,* 2022 WL 1447948, at *2; *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) ("Staying a case at an early juncture can advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid claims.") (internal quotation marks and citation omitted).

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Nobots's opposed motion lift stay, (Dkt. 59), is **DENIED**. This action remains **STAYED** pending further order of the Court.

**IT IS FURTHER ORDERED** that the parties shall continue to file quarterly status reports apprising the Court of the status of the appeal, with the next status report due on or before **June 4, 2024**.

**SIGNED** on March 4, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE