# EXHIBIT 23

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| NOBOTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 1:22-cv-585-ADA<br><br>**JURY TRIAL DEMANDED** |

**NOBOTS LLC'S DISCLOSURE OF EXTRINSIC EVIDENCE**

Pursuant to the Scheduling Order (Dkt. 92) and the Court's March 5, 2025 Order Governing Proceedings – Patent Cases, Plaintiff Nobots LLC ("Nobots") hereby serves its Disclosure of Extrinsic Evidence in support of its proposed claim constructions.

Nobots's extrinsic evidence is based upon information currently available to Nobots. This evidence is provided for the terms as to which the parties do not agree that the term's plain and ordinary meaning should be used. Discovery in this case is ongoing, as is Nobots's investigation of Defendant's instrumentalities and evaluation of Defendant's invalidity claims. Nobots reserves the right to amend, supplement, and otherwise modify these disclosures, including to identify and rely on additional extrinsic evidence in support of its proposed constructions.

Nobots further reserves the right to cite or use any evidence identified by Defendant. Nobots also reserves the right to use additional evidence in response or relation to Defendant's evidence and arguments. Nobots identifies the following extrinsic evidence, as well as expert testimony from Dr. Zubair Shafiq and Dr. Nenad Medvidovic, for terms identified by one or more of the parties as requiring construction. Copies of the extrinsic evidence materials cited herein are being produced to Defendant in connection with this disclosure.

| Terms to be Construed | Extrinsic Evidence |
|---|---|
| "repeating a)-c) and comparing the first instance of the value of d) to the second instance of the value of d)"<br><br>('008 Patent, Claim 18) | Plaintiff may rely on party representations, court statements, and other materials in proceedings before the Court, the Patent Trial and Appeal Board, and the Federal Circuit. As a non-exhaustive set of examples, Google served proposed constructions in this matter on May 26, 2022, in which it stated its understanding (1) that "wherein **b)** comprises enabling the client computing device to record input and making such recorded input available to a computing device for comparison according to **c)**" should be corrected to "wherein **c)** comprises enabling the client computing device to record input and making such recorded input available to a computing device for comparison according to **d)**," (2) that "wherein at least one monitoring program is operatively installed on the client computing device to perform **b)**" should be corrected to "wherein at least one monitoring program is operatively installed on the client computing device to perform **c)**," and (3) that "modifying data delivered to the client computing device subsequent to reaching a predetermined value for **d)** is reached" should be corrected to "modifying data delivered to the client computing device subsequent to reaching a predetermined value for **e)**." As confirmed in Nobots's July 7, 2022, Responsive Claim Construction Brief, Nobots agreed with Google's understanding regarding such corrections.<br><br>Additionally, before the Patent Trial and Appeal Board, "both parties identif[ied] a disparity in the lettering of steps in dependent claims," including Claim 18, of the '008 Patent. IPR 2022-00940, Paper No. 13 at 8. The PTAB concluded that "there is ostensible agreement between the parties that a readily identifiable mistake occurred during prosecution, and that perceiving claims 6, 11, 12, and 15–18 as having been appropriately 'updated' would seemingly, on its face, account for the mistake. Accordingly, we take the approach that is pragmatic, for the purpose of instituting this *inter partes* review and conducting the resulting trial, and we regard the referenced steps in dependent claims 6, 11, 12, and 15–18 as having been 'updated' or corrected in the manner made explicit by Patent Owner and implicitly acknowledged by Petitioner in this proceeding." *Id.* at 9; *see also id.* at 13 n.8 (similar). "During the oral argument, Petitioner did not express any objection to that conclusion when questioned about it." IPR 2022-00940, Paper No. 38 at 10. "[T]he record clearly reflects that the step letter in claim 18 should be shifted forward, such that each of steps a)-d) are understood |

| | |
|---|---|
| | to refer to each of steps b)-e) of claim 1." *Id.* at 20 n.14. Google's appeal to the Federal Circuit did not take issue with the PTAB's decision on this point. *See* Principal Brief of Appellant Google LLC, *Google v. Nobots*, No. 24-1432 (Fed. Cir. 2024), Dkt. 13.<br><br>Pending any objections by Defendants, and reserving all rights to identify, retain, and rely on other expert(s), Plaintiff may rely on testimony, including sworn declaration testimony, from its experts Dr. Zubair Shafiq and Dr. Nenad Medvidovic concerning how one of ordinary skill in the art at the time of the invention would understand "repeating a)-c) and comparing the first instance of the value of d) to the second instance of the value of d)" in light of the language of the claims, specification, prosecution history, extrinsic evidence, and knowledge of one of ordinary skill in the art. Dr. Zubair Shafiq and Dr. Nenad Medvidovic may also offer expert testimony in rebuttal to any testimony offered by Defendant on this term or any other terms.<br><br>Nobots further reserves the right to cite or use any evidence identified by Defendant. |

| | |
|---|---|
| "A non-transitory machine readable medium having stored thereon instructions for performing a method for generating a value indicative of a likelihood that a human or autonomic computer application is operating a client computer attempting access to a protected page of a website, which when executed by at least one machine, causes the at least one machine to perform operations comprising"<br><br>('014 Patent, Claim 1 and any asserted claims that depend therefrom)<br><br>"A non-transitory machine readable medium having stored thereon instructions for performing a method for providing a value indicating a judgment of whether a human or an autonomic computer application operating a client computer is interacting with a server, which when executed by at least one machine, causes the at least one machine to perform operations comprising"<br><br>('014 Patent, Claim 16 and any asserted claims that depend therefrom)<br><br>"A non-transitory machine readable medium having stored thereon instructions for performing a method for providing a value indicating a judgment of whether a human or an autonomic computer application operating a client computer is interacting with a | "machine readable," Dictionary of Computing (5th ed. 2004): "referring to commands or data stored on a medium that can be directly input into the computer."<br><br>"machine-readable," Microsoft Computer Dictionary (5th ed. 2002): "1. Presented in a form that a computer can interpret and use as input. For example, bar codes that can be scanned and used directly as computer input contain machine-readable information."<br><br>"medium," Dictionary of Computing (5th ed. 2004): "any physical material that can be used to store dat[a]"<br><br>"media," Microsoft Computer Dictionary (5th ed. 2002): "The physical material, such as paper, disk, and tape, used for storing computer-based information. *Media* is plural; *medium* is singular."<br><br>"medium," Microsoft Computer Dictionary (5th ed. 2002): "A substance in which signals can be transmitted, such as a wire or fiber-optic cable. *See* media."<br><br>"machine-readable medium," IEEE Dictionary (7th ed. 2000): "(1) A data medium that is machine-readable. *Synonym*: automated data medium. (2) A data medium that can be used to convey data."<br><br>"machine-readable," IEEE Dictionary (7th ed. 2000): "(A) Pertaining to a medium that can record information and convey it to a machine or sensing device. *Synonym:* machine-sensible. (B) Pertaining to information that can be read and processed by a machine."<br><br>"value," Microsoft Computer Dictionary (5th ed. 2002): "A quantity assigned to an element such as a variable, symbol, or label. *See* tone (definition 1)."<br><br>"value," McGraw-Hill Dictionary of Scientific and Technical Terms (6th ed., 2003): "[SCI TECH] The magnitude of a quantity."<br><br>"confidence level," Dictionary of Computing (5th ed. 2004): "the likelihood that a particular number will lie within a range of values" |

| | |
|---|---|
| server, which when executed by the at least one machine, causes the at least one machine to perform operations comprising"<br><br>('014 Patent, Claim 22 and any asserted claims that depend therefrom) | "probability," Microsoft Computer Dictionary (5th ed. 2002): "The likelihood that an event will happen, which can often be estimated mathematically. In mathematics, statistics and probability theory are related fields. In computing, probability is used to determine the likelihood of failure or error in a system or device."<br><br>"execute," Oxford Dictionary of Computing (4th ed. 1997): "To carry out an instruction or program. This includes interpreting machine instructions, performing subroutines, and applying functions to sets of parameters."<br><br>"execute," Microsoft Computer Dictionary (5th ed. 2002): "To perform an instruction. In programming, execution implies loading the machine code of the program into memory and then performing the instructions."<br><br>"execute," IEEE Dictionary (7th ed. 2000): "(1) To carry out an instruction, process, or computer program."<br><br>Plaintiff may rely on testimony, including sworn declaration testimony, from its experts Dr. Zubair Shafiq and Dr. Nenad Medvidovic concerning how one of ordinary skill in the art at the time of the invention would understand "A non-transitory machine readable medium having stored thereon instructions for performing a method for generating a value indicative of a likelihood that a human or autonomic computer application is operating a client computer attempting access to a protected page of a website, which when executed by at least one machine, causes the at least one machine to perform operations comprising"; "A non-transitory machine readable medium having stored thereon instructions for performing a method for providing a value indicating a judgment of whether a human or an autonomic computer application operating a client computer is interacting with a server, which when executed by at least one machine, causes the at least one machine to perform operations comprising"; or "A non-transitory machine readable medium having stored thereon instructions for performing a method for providing a value indicating a judgment of whether a human or an autonomic computer application operating a client computer is interacting with a server, which when executed by the at least one machine, causes the at least one machine to perform operations comprising" in light of the language of the claims, specification, prosecution history, extrinsic evidence, and |

| | |
|---|---|
| | knowledge of one of ordinary skill in the art, including whether they would understand to be limiting the portions of each Google identifies as limiting. Dr. Zubair Shafiq and Dr. Nenad Medvidovic may also offer expert testimony in rebuttal to any testimony offered by Defendant on this term or any other terms.<br><br>Nobots further reserves the right to cite or use any evidence identified by Defendant. |

| | |
|---|---|
| "active data"<br><br>('014 Patent, Claims 1, 4, 6, 9, 10, 11, 12, 15, 16, 18, 19, 22, 24, and any asserted claims that depend therefrom) | "active," The Penguin Complete English Dictionary (2006): "moving, working, or operating, not at rest."<br><br>"data," McGraw-Hill Dictionary of Scientific and Technical Terms (6th ed., 2003): "1. General term for numbers, letters, symbols, and analog quantities that serve as input for computer processing. 2. Any representations of characters or analog quantities to which meaning, if not information, may be assigned."<br><br>"data," A Dictionary of Computing (4th ed., 1997): "1. Information, in any form, on which computer programs operate."<br><br>"data," The Penguin Complete English Dictionary (2006): "In computing, the numbers, characters, etc on which a computer operates."<br><br>"data," IEEE 100: the Authoritative Dictionary of IEEE Standards Terms (2000): "A representation of facts, concepts, or instructions in a formalized manner suitable for communication, interpretation, or processing by humans or by automatic means."<br><br>"data," Dictionary of Computer Science, Engineering, and Technology (2001): "any information, represented in binary, which a computer receives, processes, or outputs."<br><br>"data," Microsoft Computer Dictionary (5th ed., 2002): "Plural of the Latin *datum*, meaning an item of information. In practice, *data* is often used for the singular as well as the plural form of the noun."<br><br>"datum," Microsoft Computer Dictionary (5th ed., 2002): "*n.* Singular of *data*; a single item of information. *See also* data."<br><br>Pending any objections by Defendants, and reserving all rights to identify, retain, and rely on other expert(s), Plaintiff may rely on testimony, including sworn declaration testimony, from its experts Dr. Zubair Shafiq and Dr. Nenad Medvidovic concerning how one of ordinary skill in the art at the time of the invention would understand "active data" in light of the language of the claims, specification, prosecution history, extrinsic evidence, and knowledge of one of ordinary skill in the art. Dr. Zubair Shafiq and Dr. Nenad Medvidovic may also offer expert testimony in |

| | |
|---|---|
| | rebuttal to any testimony offered by Defendant on this term or any other terms.<br><br>Nobots further reserves the right to cite or use any evidence identified by Defendant. |
| "passive data"<br><br>('014 Patent, Claims 1, 4, 9, 11, 12, 15, 16, 18, 19, 22, 24, and any asserted claims that depend therefrom) | "data," McGraw-Hill Dictionary of Scientific and Technical Terms (6th ed., 2003): "1. General term for numbers, letters, symbols, and analog quantities that serve as input for computer processing. 2. Any representations of characters or analog quantities to which meaning, if not information, may be assigned."<br><br>"data," A Dictionary of Computing (4th ed., 1997): "1. Information, in any form, on which computer programs operate."<br><br>"data," The Penguin Complete English Dictionary (2006): "In computing, the numbers, characters, etc on which a computer operates."<br><br>"data," IEEE 100: the Authoritative Dictionary of IEEE Standards Terms (2000): "A representation of facts, concepts, or instructions in a formalized manner suitable for communication, interpretation, or processing by humans or by automatic means."<br><br>"data," Dictionary of Computer Science, Engineering, and Technology (2001): "any information, represented in binary, which a computer receives, processes, or outputs."<br><br>"data," Microsoft Computer Dictionary (5th ed., 2002): "Plural of the Latin *datum*, meaning an item of information. In practice, *data* is often used for the singular as well as the plural form of the noun."<br><br>"datum," Microsoft Computer Dictionary (5th ed., 2002): "*n.* Singular of *data*; a single item of information. *See also* data."<br><br>Pending any objections by Defendants, and reserving all rights to identify, retain, and rely on other expert(s), Plaintiff may rely on testimony, including sworn declaration testimony, from its experts Dr. Zubair Shafiq and Dr. Nenad Medvidovic concerning how one of ordinary skill in the art at the time of the invention would understand "passive data" in light of the language of the claims, specification, |

| | |
|---|---|
| | prosecution history, extrinsic evidence, and knowledge of one of ordinary skill in the art. Dr. Zubair Shafiq and Dr. Nenad Medvidovic may also offer expert testimony in rebuttal to any testimony offered by Defendant on this term or any other terms.<br><br>Nobots further reserves the right to cite or use any evidence identified by Defendant. |
| "CAPTCHA test"<br><br>('014 Patent, Claims 1, 2, 3, 13, 21, 27 and any asserted claims that depend therefrom) | Pending any objections by Defendants, and reserving all rights to identify, retain, and rely on other expert(s), Plaintiff may rely on testimony, including sworn declaration testimony, from its experts Dr. Zubair Shafiq and Dr. Nenad Medvidovic concerning how one of ordinary skill in the art at the time of the invention would understand "CAPTCHA test" in light of the language of the claims, specification, prosecution history, extrinsic evidence, and knowledge of one of ordinary skill in the art. Dr. Zubair Shafiq and Dr. Nenad Medvidovic may also offer expert testimony in rebuttal to any testimony offered by Defendant on this term or any other terms.<br><br>Nobots further reserves the right to cite or use any evidence identified by Defendant. |

In addition, Plaintiff's experts may also provide, including by declaration, background testimony and/or testimony to rebut any expert testimony or positions or arguments expressly or implicitly offered by Defendant, including in Defendant's claim constructions. This may include testimony regarding how a person of ordinary skill in the art would have understood or viewed the relevant terms, phrases, or clauses at the time of the invention, including: the plain meaning of the terms, phrases, or clauses as understood by one of ordinary skill in the art within the context of the claim wording; the teachings of the specification, including the problems that the alleged inventions are directed to solving, and the prosecution history; an explanation of the meaning of those terms in the context of the subject matter of the Asserted Patents; an explanation of any representations in the prosecution history of the Asserted Patents; a description of the state of the

technology related to the claimed inventions at the time the applications for the Asserted Patents were filed; a description of the qualifications of a person of ordinary skill in the art at the time the applications for the Asserted Patents were filed; and how a person of ordinary skill in the art would interpret the identified claim term or phrase at the time the applications for the Asserted Patents were filed.

Dated: May 22, 2026

/s/ Andres Healy
Andres Healy
Matthew R. Berry
John E. Schiltz
Eleanor Runde (*pro hac vice*)
SUSMAN GODFREY LLP
401 Union Street, Suite 3000
Seattle, Washington 98101
Tel: (206) 516-3880
Fax: 206-516-3883
ahealy@susmangodfrey.com
mberry@susmangodfrey.com
jschiltz@susmangodfrey.com
erunde@susmangodfrey.com

Charles Ainsworth State Bar No. 00783521
Robert Christopher Bunt State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 418
Tyler, Texas 75702
(903) 531-3535
charley@pbatyler.com
rcbunt@pbatyler.com

**COUNSEL FOR PLAINTIFF NOBOTS LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2026, the foregoing document was served via e-mail to all counsel of record.

*/s/ Andres Healy*
Andres Healy