UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:22-cv-00585

**Nobots LLC,**
*Plaintiff,*
v.
**Google LLC,**
*Defendant.*

## ORDER

Defendant Google LLC moved to stay this action pending *inter partes* review ("IPR") of one of the patents at issue in this case. *See* ECF No. 108 at 5. ("Mot."). The Court finds a stay appropriate, and GRANTS Defendant's motion.

## BACKGROUND

In December 2021, Plaintiff Nobots filed this action, asserting that Defendant Google's reCAPTCHA system infringes on two patents: U.S. Patent Nos. 10,423,885 ("'885 patent") and 9,595,008 ("'008 patent"). In 2022, Google filed a petition for *inter partes* review with the Patent Trial and Appeal Board ("the Board") that challenged every claim of both patents (20 per patent, 40 in total). It then moved to stay the suit pending IPR proceedings. *See* ECF No. 47. The Court granted the motion to stay before the Board decided whether to institute IPR proceedings. *See* ECF No. 53.

The Board instituted both IPR petitions and later issued written decisions in November 2023. The Board found that all 20 claims of the '885 petition were unpatentable or had been disclaimed, and that all but claims 18 and 19 of the '008 patent were unpatentable. *See Google LLC v. Nobots LLC*, No.

IPR2022-00941, 2023 WL 8268213, at *24 (P.T.A.B. Nov. 29, 2023) ('885 patent); *Google LLC v. Nobots LLC*, No. IPR2022-00940, 2023 WL 8269284, at *24 (P.T.A.B. Nov. 29, 2023) ('008 Patent).

Nobots moved to lift the stay while Google appealed the Board's decision concerning claim 19 of the '008 patent. *See* ECF No. 59. The Court denied that motion. *See* ECF No. 64. While this suit was on ice, in November 2023, Nobots' U.S. Patent No. 11,810,014 ("'014 patent") issued. The '014 patent belongs to the same family as the '008 and '885 patents.

Two years later, the Federal Circuit held that the Board erred in construing claim 19 and reversed the Board's patentability determination. *See Google LLC v. Nobots LLC*, No. 2024-1432, 2025 WL 3240056, at *1 (Fed. Cir. Nov. 20, 2025). So, nearly four years from the beginning of the action, only one of forty claims survived.

This Court lifted the stay in February 2026. Soon after, Nobots amended its complaint to allege infringement of all 30 claims of the '014 patent, in addition to infringement of the lone surviving claim in the '008 patent. *See* ECF No. 91. The addition of the '014 patent to this suit expanded the scope from the original complaint to include both Google's reCAPTCHA and its Ad Traffic Quality Systems. *Id.*

Since the stay was lifted, Nobots and Google have exchanged preliminary infringement and invalidity contentions and finished claim construction briefing. *See* ECF Nos. 100, 102, 104, 106.

Before opening fact discovery on August 13, 2026, Defendant filed an IPR petition challenging all 30 claims of the '014 patent. App.005–101. By statute, the Board must decide whether to institute review no later than six months after the IPR petition's filing date. *See generally* 35 U.S.C. §§ 313, 314(b);

37 C.F.R. § 42.107(b). And if the Board chooses to institute review, its final written decision will be due within one year. *See* 35 U.S.C. § 316(a)(11).

One day after filing its IPR petition with the Board, Defendant filed a motion to stay the case once more, pending hypothetical *inter partes* review by the Board. *See generally* Mot. Plaintiff responded, and Defendants replied. *See* ECF Nos. 111, 113. The Court now addresses the ripe motion to stay.

## LEGAL STANDARD

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55 (citations omitted). "A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (citations and internal quotation marks omitted).

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926) (citation omitted). And the "burden of showing that the circumstances justify an exercise of that discretion" lies with the requesting party. *Nken*, 556 U.S. at 433–34 (citations omitted). As with any motion within a court's discretion that demands its judgment, the Court must "be guided by sound legal principles." *Id.* at 434 (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005) (internal citation and quotation marks omitted)); *see also Ethicon, Inc. v. Quigg*,

849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (discussing the inherent power to stay cases).

In this particular situation—whether to grant a stay pending institution of *inter partes* review of a patent in suit—district courts typically consider three factors: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-cv-00317-ADA, 2021 WL 4555610, at *2 (W.D. Tex. Oct. 5, 2021) (citations omitted). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05 CV 81 DF, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006). Finally, "there is no *per se* rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *Kirsch Rsch.*, 2021 WL 4555610, at *1 (citation omitted).

## ANALYSIS

### A. Simplification

The Court's decision to grant a stay is driven primarily by the fact that IPR simplified this case substantially already, and would likely do so again. The previous *inter partes* review invalidated 38 of 40 claims from the originally asserted patents ('885 and '008). Nobots amended its complaint to add 30 claims from a new patent ('014) *from the same family* as the gutted patents. Given the history of the first IPR, and the related nature of all three patents, there is a substantial likelihood that IPR will materially simplify this case. *See, e.g.*, *Charge Fusion Techs., LLC v. Tesla, Inc.*, No. 1:22-cv-00488-DAE, 2024 WL

5155905 (W.D. Tex. Oct. 31, 2024) (denying a motion to lift a stay after another patent was added to a suit and an institution decision was pending *after* the previous patents had gone through *inter partes* review). *See Thryv, Inc. v. Click-To-Call Techs., LP*, 590 U.S. 45, 63–64 (2020) (Gorsuch, J., dissenting) (noting that in "approximately 80 [percent] of cases reaching a final decision, the Board cancels some or all of the challenged claims.").

Nobots makes a few different objections. For one, it argues that simplification is speculative because the Board has not yet instituted review and may decline to do so. The Court finds that unlikely based on the six nonexclusive factors the Board examines when deciding whether to institute *inter partes* review. *See Apple Inc. v. Squires*, 166 F.4th 1349, 1353 (Fed. Cir. 2026). The fact that the Board acts with an eye towards this Court's actions only makes the possibility of institution even more likely if the Court grants a stay. *See Apple Inc. v. Fintiv, Inc.*, No. IPR2020-00019, 2020 WL 2126495, at *3–4 (P.T.A.B. Mar. 20, 2020).

Nobots also argues that a stay is not warranted because, unlike with the first stay and IPR, this IPR cannot possibly resolve *all* claims. That is certainly a consideration. *See Mojo Mobility, Inc. v. Samsung Elecs. Co., LTD.*, No. 2:22-cv-00398-JRG-RSP, 2024 WL 778375, at *1 (E.D. Tex. Feb. 26, 2024) ("Even if all asserted claims of that patent were found invalid, the Court would still be left to conduct a trial as to the remaining patents."). But as already discussed, IPR could (and very likely would) simplify this case greatly, even if it falls short of the maximally simplified result of all the asserted claims failing. *See CyWee Grp. Ltd. v. Samsung Elecs. Co. Ltd.*, No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976, at *8 (E.D. Tex. Feb. 14, 2019) (noting a pattern of stays in litigation cases where IPR proceedings have been instituted on only some claims and

collecting cases). *But see CloudofChange, LLC v. Lightspeed POS Inc.*, No. 6:21-cv-01102, 2023 WL 3467787, at *4 (W.D. Tex. May 15, 2023) (equating mere simplification with all claims failing).

The likely outcome of institution is that a Board decision would mirror the previous IPR—a mixed result that would leave the Court to adjudicate some claims as well as claim 18 of the '008 patent. The high likelihood of significant simplification is enough to make this factor weigh strongly in favor of granting the stay. After all, the fact that the Board struck 39 of 40 claims on patents *from the same family* as patent '014 is not lost on the Court. And this is not the only potential benefit that might flow from *inter partes* review. *See NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13–CV–1058–WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) (noting the various benefits from Board review apart from cancellation of claims).

### B. Undue Prejudice

On balance, this factor supports a stay. Although Nobots may suffer some harm from further delay, that harm is neither undue nor severe because Nobots is not a competitor in the marketplace *and* only seeks monetary damages. Nobots "does not practice the asserted patents, sell competing products, or compete with Google in the marketplace." Mot. at 8. A stay thus only puts off a potential monetary award, and this is not substantial "undue prejudice." *See Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-cv-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022) (finding that a stay would not be unduly prejudicial to a non-practicing plaintiff precisely "[b]ecause [the plaintiff] does not produce products on its patents or otherwise compete with [the defendant]"); *see also Kirsch Rsch.*, 2021 WL 4555804, at *2 (concluding that "the weight of Plaintiff's interest in timely enforcement is

diminished . . . where a stay would merely delay Plaintiff's potential monetary recovery").

This does not mean there is *no* prejudice. "It is well established that Plaintiff's timely enforcement of its patent rights is entitled to some weight, *even if* that factor is not dispositive." *Intell. Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-cv-00577-JRG, 2018 WL 11363370, at *2 (E.D. Tex. Dec. 13, 2018) (finding that the delay of solely (potential) monetary relief "weighs slightly against a stay") (emphasis added). And the Federal Circuit has emphasized that "[r]ecognition must be given to the strong public policy favoring expeditious resolution of litigation." *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989) ("To the contrary: litigation that has been stayed for a prolonged or uncertain period is not litigation in progress before the court."). Delay in the enforcement of Nobots' asserted property rights is thus some prejudice.

But the prejudice remains minor. Nobots disagrees, arguing that a further stay is harmful because, "despite filing this lawsuit nearly five years ago, [it] has not been allowed to make any real progress on its claims." ECF No. 111 at 7. Yet that's not quite right. A great deal happened to Nobots' claims over those years: 97.5 percent of them were held unpatentable. It is also relevant that further IPR is the result of Nobots' decision to amend its complaint to add allegations that Google has infringed on an entirely new patent.

The asserted risk of the loss of evidence is also unpersuasive. A stay could exacerbate the potential "loss of testimonial and documentary evidence potentially valuable to Plaintiff's case." *Kirsch Rsch.*, 2021 WL 4555610, at *2 (agreeing and collecting cases). But there is no concrete reason offered to be particularly concerned about loss of evidence in this case. Without any specific reason to fear loss of evidence from a stay, this risk weighs only slightly against a stay.

Moreover, the risk of delay unaccompanied by simplification is minimized in this case because if the Board does not institute review, the case will come back to this Court after only a few months ready for a claim construction hearing. *See, e.g.*, *Anza Tech., Inc. v. Avant Tech., Inc.*, No. A-17-CV-01193-LY, 2018 WL 11314191, at *2 (W.D. Tex. Nov. 15, 2018) (finding that a pre-institution, "short stay of proceedings will not unduly prejudice [plaintiff]"); *UMBRA Techs. Ltd. (UK) v. Cisco Sys., Inc.*, No. 1:23-cv-903-DII, 2024 WL 2155274, at *2 (W.D. Tex. Apr. 25, 2024) (same); *see also Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-cv-00235-JRG, 2014 WL 4652117, at *1 (E.D. Tex. Sept. 18, 2014) (explaining that a patent owner has three months to file a preliminary response, and from that point the Board has three months to determine whether to institute IPR).

In short, any prejudice is minor and at least partially self-inflicted.

**C. Proceeding Stage**

The stage of proceedings in this case is neutral. Although this case has a relatively advanced calendar age, the litigation is still in its early phases. Claim construction briefing has completed, but the Court has not yet had the opportunity to construe the disputed claims in either the '008 or the '014 patent. Had the Court spent the resources to construe the claims, then perhaps this factor would oppose a stay. *See Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, No. A-12-CA-773-SS, 2013 WL 6097571, at *1 (W.D. Tex. June 10, 2013) (finding that a post-*Markman* hearing stay "so close to issuance of a[n] [] order" would be a "waste of judicial resources"). *But see Kirsch Rsch.*, 2021 WL 4555804, at *2 (concluding that a post-*Markman* stay was still appropriate despite "[t]he early stages of this case [being] long behind"). But it has not. And in any

event, one of the claims the party seeks to construe is the lone surviving claim from the '808 patent, which will need to be construed regardless of anything that may happen with the '014 patent in IPR.

The fact is that "the most burdensome part of the case, for both the parties and the court, is the period immediately before, during, and after trial." *CyWee Grp.*, 2019 WL 11023976, at *6 (E.D. Tex. Feb. 14, 2019). And this case is far from that point.

* * *

A stay here is warranted. IPR is likely to simplify this case substantially, and a stay in the meantime will inflict little harm on the plaintiff, who is not a competitor and seeks only monetary damages. When IPR is complete (or not initiated), this Court can pick up where it left off to get this case ready for trial.

## Conclusion

Defendant's motion to stay is GRANTED. ECF No. 108.

*So ordered by the Court on August 25, 2026.*



ANDREW DAVIS
United States District Judge